UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW THOMAS PLASCENCIA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>JOE T. TURNQUIST, et al.,<br><br>　　　　　Defendants. | Case No. 8:24-cv-00145-JLS-JDE<br><br>ORDER TO SHOW CAUSE RE FAILURE TO COMPLY WITH ORDER REGARDING COMPLAINT (DKT. 6) |

　　　　On January 18, 2024, Plaintiff Matthew Thomas Plascencia ("Plaintiff"), who was then detained at the Theo Lacy Facility in Orange County, California, proceeding pro se and seeking to proceed in forma pauperis, filed a civil rights complaint under 42 U.S.C. § 1983 relating to conduct that occurred while Plaintiff was detained at the Men's Central Jail, located in Santa Ana, California (the "Jail"), naming Deputies Joe T. Turnquist ("Turnquist") and J. Quenzler ("Quenzler"), and Dr. Kahn as defendants in various capacities, seeking monetary damages and unspecified injunctive relief. Dkt. 1 ("Complaint"). On February 6, 2024, the undersigned issued an order after screening the Complaint under 28 U.S.C. § 1915A(b), finding Plaintiff had, for screening purposes, state a Fourteenth Amendment excessive force claim

against Turnquist and Quenzler, but had not appeared to state any other claim, as pled, and providing Plaintiff the following options as to how to proceed:

> **Within thirty (30) days of this Order**, Plaintiff must choose one of the following options and file the document required by that option:
>
> 1. If Plaintiff desires to proceed only with his Fourteenth Amendment excessive force claim against Turnquist and Quenzler and no other claim, Plaintiff need only file a document titled "Notice of Election" stating that he elects to proceed only on this claim and not as to any other claim, with the other claims voluntarily dismissed, and the action will proceed as to that claim against Turnquist and Quenzler in their individual capacity, subject to any ruling by the District Judge on Plaintiff's request to proceed in forma pauperis ("IFP Request"). The undersigned notes that Plaintiff did not provide a certified copy of his prison trust account statement as required by 28 U.S.C. § 1915(a)(2). If Plaintiff files a Notice of Election as set forth above and his IFP Request is granted, the Court will commence the process of ordering the issuance of summonses and directing attempts at service of process. If Plaintiff files the Notice of Election set forth above and the IFP Request is denied or remains not granted, the Court will not issue summonses or direct attempts at service; but in that circumstance, nothing would prevent Plaintiff from thereafter paying the full filing fee, requesting summonses, and then taking steps to serve process upon Turnquist and Quenzler in compliance with Rule 4 of the Federal Rules of Civil Procedure.
>
>    **OR**

  2. If Plaintiff believes some of all of the deficiencies set forth above can be remedied and wishes to seek to remedy those deficiencies, Plaintiff shall file a First Amended Complaint attempting to remedy those defects. Such First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint" and filled out completely, including the caption page; be complete in and of itself without reference to the prior complaint or any other pleading, attachment, or document; and shall properly identify all defendants and specify all facts upon which Plaintiff alleges a particular defendant caused any alleged constitutional violation. Plaintiff shall separately identify each claim for relief and provide the legal and factual bases supporting such claims. Any amended complaint may not alter the nature of this suit by alleging new, unrelated claims. <u>The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to use.</u>

  **OR**

  3. If Plaintiff disagrees with the above analysis and/or believes sufficient further factual allegations cannot be added to the Complaint to remedy the deficiencies identified, then Plaintiff shall file a Notice of Intent to Proceed with the Complaint. If Plaintiff chooses to file such Notice of Intent, the Court may treat the election as a statement that Plaintiff is unable to amend the Complaint to address the defects identified, which may result in dismissal of the claims found defective herein.

  **OR**

  4. If Plaintiff no longer wishes to pursue this action, Plaintiff may dismiss it by filing a Notice of Dismissal under

Federal Rule of Civil Procedure 41(a)(1). A voluntary dismissal in this instance may not constitute a "strike" under 28 U.S.C. § 1915(g), whereas a dismissal of an action filed by a prisoner because it "fails to state a claim upon which relief may be granted" may constitute a "strike." <u>See</u> 28 U.S.C. § 1915(g). <u>The Clerk is directed to send Plaintiff a Central District request for dismissal form.</u>

**Plaintiff is cautioned that failure to timely file a fully compliant response as directed in this Order within 30 days from the date of this Order may result in the dismissal of part or all of this action for the foregoing reasons, failure to prosecute, and/or failure to comply with a court order.**

Dkt. 6 ("Screening Order") at 13-15.

As of the date of this Order, Plaintiff has not filed a document corresponding with any of the four options set forth above, nor has Plaintiff sought additional time in which to do so.

Plaintiff is reminded that the Screening Order ordered him to select one of the four options set forth above and file the document corresponding with that option within 30 days of the date of the Screening Order, that is, by March 4, 2024. The failure could result in dismissal or all or part of Plaintiff's claims for failure to prosecute or failure to comply with a court order. The Clerk is directed to again serve Plaintiff with the Screening Order (Dkt. 6), with the blank attachments set forth above. The Court will delay taking further action on Plaintiff's failure for a period of 21 days from the date of this Order, during which time Plaintiff must file the document associated with one of the four options set forth above if he desires to continue to pursue this action.

Plaintiff is advised that if he fails to select one of the four options set forth above and file the document associated with that option, the Court will

treat such a failure as a failure by Plaintiff to prosecute this action in a timely fashion and a failure to comply with a Court order, resulting in a recommendation that this action be dismissed. See Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated: April 11, 2024 _____                    _____
                                                   JOHN D. EARLY
                                                   United States Magistrate Judge